UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARC T. CARRIER,

                                        Plaintiff,

-vs-

FAIRPORT BAPTIST HOMES
CARING MINISTRIES,

                                        Defendant.
_____

DECISION and ORDER

23-CV-6007 CJS

## INTRODUCTION

Marc Carrier ("Plaintiff") commenced this employment discrimination action against his former employer, Fairport Baptist Homes ("Defendant"), pursuant to Title VII and the New York Human Rights Law after he was denied a religious accommodation and fired from his job, purportedly for declining to be injected with the Covid-19 vaccine as required by New York State's vaccine mandate for healthcare workers. Now before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(6). (ECF No. 11). For the reasons explained below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

Unless otherwise stated, the following facts are taken from Plaintiff's Complaint, as well as from other documents submitted by Plaintiff which are of the type a court may consider on a Rule 12(b)(6) motion,[1] and are assumed to be true for purposes of this

---

[1] As discussed below, the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents that are integral to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

1

Decision and Order.  On August 26, 2021, the State of New York issued 10 N.Y.C.R.R. § 2.61 ("the Vaccine Mandate" or "the Mandate"), an "emergency rule requiring healthcare facilities to ensure that certain employees [were] vaccinated against Covid-19."[2]  More specifically, the Mandate applied to employees who fell within the definition of "personnel."[3]  The Mandate included no religious exemption.

At all relevant times, Defendant was a healthcare facility subject to the Vaccine Mandate.  As of September 2021, Plaintiff had been employed by Defendant for approximately 24 years as a "Maintenance Technician."[4]  Evidently, Plaintiff's usual job duties placed him within the scope of the Mandate's definition of "personnel," since he has not disputed that point.

On or about September 7, 2021, Plaintiff's supervisor informed him that because of the Vaccine Mandate, Defendant "would be requiring all employees to be fully vaccinated" with the Covid-19 vaccine.  Plaintiff requested a "medical exemption" and a "religious exemption" from the vaccination requirement.  However, Defendant denied both requests.[5]  Plaintiff declined to be vaccinated, and on September 24, 2021, Defendant terminated his employment.

On June 27, 2022, Plaintiff filed a complaint against Defendant with the Equal

---

[2] *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 272 (2d Cir. 2021).
[3] *See, Kauffman v. New York Presbyterian Hosp.*, No. 23-CV-4964 (AT) (RWL), 2024 WL 2279318, at *2 (S.D.N.Y. May 16, 2024) ("Under Section 2.61, "personnel" is defined as "all persons employed or affiliated with a covered entity, whether paid or unpaid, including but not limited to employees, members of the medical and nursing staff, contract staff, students, and volunteers, *who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease*." *Id*. § 2.61(a)(2). "Covered entities" are defined as "(i) any facility or institution included in the definition of "hospital" in section 2801 of the Public Health Law, including but not limited to general hospitals, nursing homes, and diagnostic and treatment centers." *Id*.") (emphasis added), report and recommendation adopted, No. 23 CIV. 4964 (AT) (RWL), 2024 WL 2944160 (S.D.N.Y. June 10, 2024).
[4] ECF No. 17-2 at p. 5.
[5] Plaintiff's physician declined to support his request for a medical exemption, and Defendant therefore denied such request.

Employment Opportunity Commission ("EEOC"), stating:

> I was employed by the above-named Respondent. I was notified by my employer that it would be requiring all employees to be fully vaccinated. I sincerely hold a religious belief that conflicts with my employer's vaccination requirement. During my employment I notified my employer of my religious belief and requested a religious accommodation to Respondents' Covid-19 vaccination mandate, which was denied. On September 24, 2021, I was discharged. I believe I have been discriminated against because of my religion in violation of Title VII of the Civil Rights Act of 1964, as amended.

ECF No. 1 at p. 8. On or about September 30, 2022, the EEOC issued Plaintiff a "right-to-sue letter."

On January 1, 2023, Plaintiff commenced this action against Defendant, as well as against Rochester Regional Health, the New York State Department of Health, and New York State Governor Kathy Hochul. Plaintiff also moved for leave to proceed *in forma pauperis*. On February 9, 2023, the Court issued a Decision and Order (ECF No. 3) ("the screening order") granting the application to proceed *in forma pauperis*, and dismissing, pursuant to 28 U.S.C. § 1915(e)(2)(B), the claims against Rochester Regional Health, the New York Department of Health, and Hochul.

The Court's screening order allowed the claims "of employment discrimination on the basis of religion against [Defendant] under Title VII of the Civil Rights Act and New York State Human Rights Law" to go forward against Defendant. In particular, the screening order indicated that Plaintiff's "failure-to-accommodate" claim could proceed, stating in pertinent part:

> In the present case, Carrier has pled a *prima faci[e]* case for religious discrimination. He alleged in his EEOC "Charge of Discrimination" that he sincerely holds a religious belief that conflicts with the vaccination requirement. Compl. at 8. He further states that he notified Fairport Baptist of his belief, and requested an accommodation. Compl. at 5, 8. Lastly, he

3

> states that he was terminated as a result of his religious belief on September 24, 2021. Compl. at 8.
>
> The Second Circuit has stated that New York State's vaccination mandate "does not bar an employer from providing an employee with a reasonable accommodation that removes the individual from the scope of the Rule, . . . [And therefore that] it may be possible under the Rule for an employer to accommodate—not exempt—employees with religious objections, by employing them in a manner that removes them from the Rule's definition of 'personnel.'" *We The Patriots USA, Inc*., 17 F.4th at 370 (emphasis in the original). Hence, at this stage of the case the Court cannot say as a matter of law that Carrier's argument is "foreclosed" by the Second Circuit's opinion in *We the Patriots*. *Contra Marte*, 2022 WL 7059182 at *4.
>
> Accordingly, Carrier's claims against Fairport Baptist for religious discrimination in violation of Title VII and the NYSHRL may proceed to service.

ECF No. 3 at p. 6.

Significantly, when the Court made this ruling it had no information concerning the exact nature of Plaintiff's request for a religious accommodation. Instead, it just had Plaintiff's Complaint, which was vague concerning the nature of the religious accommodation that he had requested. Consequently, the Court permitted the failure-to-accommodate discrimination claim to go forward, since it was unclear whether Plaintiff's request for an accommodation had been for an exemption from the vaccination mandate, the denial of which would *not* be actionable under Second Circuit law, or for some type of accommodation that would have removed him from the vaccine mandate's scope, which might be actionable.

On April 12, 2023, Defendant filed the subject motion (ECF No. 11) to dismiss the Complaint pursuant to Rule 12(b)(6), stating:

> Plaintiff's Complaint should be dismissed because he fails to state a claim for religious discrimination under Title VII or the New York State Human

4

> rights law, *as the accommodation he allegedly requested from Defendant was unreasonable as a matter of law*.

ECF No. 13 at p. 6 (emphasis added).  On this point, Defendant indicates that "Plaintiff did not want to be vaccinated against COVID-19 and sought a religious exemption from the vaccine mandate," and that he now "claims he was discriminated against because Defendant refused to violate clear New York State law by granting him a religious exemption to the vaccine mandate, which would have allowed him to continue working in a healthcare facility without being vaccinated."  Defendant does not dispute that Plaintiff's decision not to be vaccinated was based on a sincerely-held belief.  Defendant maintains, however, that Plaintiff's claim is not actionable, since "[c]ourts in the Second Circuit have consistently held [that] an employee (or former employee) cannot establish a claim for discrimination based upon a healthcare facility's refusal to violate the New York State vaccine mandate for healthcare workers." ECF No. 13 at p. 4; *see also, id*. at p. 6 ("[T]he accommodation he requested from Defendant was unreasonable as a matter of law."); 7 ("Plaintiff's claim fails because the accommodation he requested –being exempt from the vaccine requirement—would cause Defendant to suffer an undue hardship as it would have required Defendant to violate the law, and thus making the request unreasonable."); 10 ("[G]ranting such an accommodation would have clearly forced Defendant to violate 10 N.Y.C.R.R. § 2.61(c), which required employees in healthcare facilities to be vaccinated.").  In sum, Defendant contends that Plaintiff's action necessarily fails since the only accommodation he requested was "unreasonable as a matter of law," since it would have required Defendant to violate state law.

On April 20, 2023, and May 16, 2023, Plaintiff filed papers (ECF Nos. 14 & 17, respectively) in opposition to Defendant's motion.  Plaintiff primarily argues that his

5

failure-to-accommodate claim, insofar as it involves Defendant's denial of an accommodation exempting him from receiving the Covid-19 vaccine, is supported by a decision from New York State Supreme Court in *Medical Professionals for Informed Consent v. Bassett,* 78 Misc.3d 842 (NYS Sup Ct. Onondaga County Jan. 13, 2023) ("*Bassett*"),and by a dissenting opinion filed by U.S. Supreme Court Justice Neil Gorsuch in *Dr. A. v. Hochul*, 595 U.S. ___ (2021) ("*Dr. A*"). In *Bassett*, the state court held that the Vaccine Mandate was unenforceable, since the adoption of 10 N.Y.C.R.R. § 2.61 had been "beyond the scope of the Respondents' authority and [was] therefore null, void, and of no effect." *See, Bassett*, 78 Misc.3d at 492. Meanwhile, in *Dr. A*, Justice Gorsuch, joined by Justice Alito, dissented from a decision of the Supreme Court declining to enjoin enforcement of the Vaccine Mandate pending a decision on a petition for certiorari arguing that the Mandate violated the First Amendment.

Plaintiff also makes several secondary arguments in opposition to Defendant's motion, including that Defendant was involved in a decision to unfairly deny him unemployment benefits; that he believes he has a claim under the Genetic Information Non-Discrimination Act ("GINA"); that the State of New York has selectively enforced the Vaccine Mandate;[6] that regulations such as 10 N.Y.C.R.R. § 2.61(c) do not have the force of a law; that the Vaccine Mandate was the product of a conspiracy to mislead the public about the necessity and effectiveness of the Covid vaccines;[7] and that it was improper for Defendant to fire unvaccinated employees, since the loss of such workers put Defendant's clients at risk.[8]

---

[6] ECF No. 17 at p. 89.
[7] ECF No. 14.
[8] ECF No. 17 at p. 2.

6

Additionally, Plaintiff indicates that, contrary to what Defendant maintains, his request for a religious accommodation was not limited to merely being exempted from receiving the vaccine and remaining in his job. Rather, Plaintiff contends that he also asked to be allowed to work remotely and/or in a manner in which he would have no contact with Defendant's clients.[9] In this regard, Plaintiff has submitted a copy of a form entitled "Employee Religious Accommodation Request" dated September 23, 2021, in which he requests to be exempted from receiving the Covid-19 vaccine, and to be allowed to continue working in his job while wearing personal protective equipment ("PPE). In particular, the form indicated that Plaintiff was seeking "a reasonable accommodation in the form of exemption from the requirement to receive a Covid-19 vaccine." ECF No. 17-2 at p. 5. When asked to state the nature of his religious belief that was opposed to receiving the Covid-19 vaccine, Plaintiff wrote: "Aspects of the medical intervention that I am not comfortable with as to ingesting into my body." Plaintiff also wrote: "I believe it to be my right to choose, to satisfy my own conscience, and with PPE can safely care for residents." ECF No. 17-2 at p. 5.

However, Plaintiff has also submitted documentation referring to his having verbally made alternative requests for a religious accommodation that would have allowed him to avoid receiving the Covid-19 vaccine and continue working remotely and/or without having contact with Defendant's residents. *See, e.g.*, ECF No. 17-1 at pp. 4-6 (Referring to meeting with Molly Bolan on September 24, 2021, in which Plaintiff asked to permitted to work remotely "as [he] had done in the past countless times": "I also proposed in this meeting that I may continue to work remotely, zero contact, with staff to

---

[9] *See, e.g.*, ECF No. 17 at p. 1 (referring to a "reasonable accommodation such as working remotely even if only part time as I had in the past.").

7

work through unfinished projects as I had done in the past countless times when out of state or even out for surgery. She stated that was not an option."); *see also*, ECF No. 17-2 at pp. 7, 12, 13, 14 ("All the while I had document my request to stay active with the most minimal or no contact"), 20, 21, 25 (referring to Plaintiff's request for an accommodation that would allow him to keep working without having contact with Defendant's residents); ECF No. 17-3 at p. 13 (same). On this point, Plaintiff has also submitted documentation indicating that his work was as a "heavy laborer doing primarily landscape and other manual activities," including "a lot of snow plowing." ECF No. 17-2. Plaintiff further indicates that Defendant misled him by telling him, on September 24, 2021, that he could submit additional information in support of his request for a religious accommodation, but then firing him the same day, before he had the opportunity to do so. *See, e.g.*, ECF No. 17-2 at p. 12 ("You gave me verbal denial of my religious exemption request [but] you also agreed to allow to give me [sic] additional time to give more supportive reasoning or documentation."); *see also, id*. at pp. 20, 21 (same).

Defendant filed a Reply (ECF No. 21) asserting that Plaintiff's response is "largely incoherent" and does "not address the central argument in [Defendant's] motion – namely, that Courts in the Second Circuit have uniformly held that an employee (or former employee) cannot establish a claim for discrimination based upon a healthcare facility's refusal to violate the New York State vaccine mandate for healthcare workers." Indeed, Defendant characterizes Plaintiff's opposition argument as being "that Defendant should have granted him a religious exemption to the Covid-19 vaccination requirements – in violation [of] the law—because Defendant may not have gotten caught, and thus may not

8

have actually been burdened." ECF No. 21[10]

The Court has thoroughly considered the parties' submissions.

## DISCUSSION

<u>Plaintiff's *Pro Se* Status</u>

Since Plaintiff is proceeding *pro se*, the Court has construed his submissions liberally to raise the strongest arguments that they suggest. *See, e.g., Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("[T]he pleadings of a *pro se* plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).).

<u>Rule 12(b)(6) Standard</u>

Defendant has filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6), and the legal standards applicable to such an application are clear:

> To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Progressive Credit Union v. City of New York*, 889 F.3d 40, 48 (2d Cir. May 1, 2018).

> In its review, the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents "integral" to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

---

[10] (Defendant's Reply brief lacks page numbers.)  The Court does not recall Plaintiff making this argument, but even if he did, it has no bearing on the Court's ruling herein.

9

*Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. Jun. 3, 2014) (citations and internal quotation marks omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

> First, although a court must accept as true all of the allegations contained in a complaint,[11] that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the

---

[11] The Court must accept the plausible factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), cert. den. 531 U.S. 1052, 121 S.Ct. 657 (2000).

10

mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009) (citation omitted).

"[A]s *Iqbal* makes clear, a plausible claim must come before discovery, not the other way around." *Angiulo v. Cty. of Westchester*, No. 11-CV-7823 CS, 2012 WL 5278523, at *3 (S.D.N.Y. Oct. 25, 2012) (citation omitted); *see also, McBeth v. Porges*, 171 F. Supp.3d 216, 236 (S.D.N.Y. 2016) (Observing that pursuant to *Iqbal's* pleading standard, "the Federal Rules of Civil Procedure do 'not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions or speculation.'") (quoting *Iqbal*).

As already mentioned, it is clearly settled that, "[i]n ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint." *McCray v. Lee*, 963 F.3d 110, 116 (2d Cir. 2020) (citations and internal quotation marks omitted). However, it is equally clear that not every allegation made "upon information and belief" is entitled to be accepted as true:

> [W]hile a plaintiff may make allegations on information and belief, those allegations will be sufficient to support a claim for relief only when the factual matter pled supports a plausible inference of culpability. . . . A plaintiff may satisfy the plausibility standard by pleading facts upon information and belief, but a plaintiff cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory. Those magic words will only make otherwise unsupported claims plausible when the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.

*Evergreen E. Coop. v. Whole Foods Mkt.*, Inc., No. 21-2827-CV, 2023 WL 545075, at *1-2 (2d Cir. Jan. 27, 2023) (citations omitted); *see also, United Prob. Officers Ass'n v. City of New York*, No. 21-CV-0218 (RA), 2022 WL 875864, at *9 (S.D.N.Y. Mar. 24,

2022) ("[T]he bare allegation that women of color are "paid less" than their white male counterparts in the same titles is a conclusory assertion that the Court need not accept as true. Again, even if pattern-or-practice plaintiffs cannot allege the precise amount of their coworkers' salar[ies], they should at least be able to allege the facts that form the basis for their belief that the coworkers are paid more.") (citations and internal quotation marks omitted); *Bright Kids NYC Inc. v. Kelly*, No. 19-CV-1175 (JMF), 2020 WL 6891814, at *4 (S.D.N.Y. Nov. 24, 2020) ("The Amended Complaint also alleges, "[u]pon information and belief," that Adams "knew that the Proprietary Contact Info was stolen." But to pass muster, an allegation upon information and belief must be accompanied by a statement of the facts upon which the belief is founded, and cannot rest on pure conjecture and speculation. Here, the allegation of Adams's knowledge falls far short.") (citations and internal quotation marks omitted).

<u>Plaintiff's Failure-to Accommodate Claim</u>

Plaintiff maintains that Defendant discriminated against him in violation of Title VII and the New York State Human Rights Law by denying him a religious accommodation related to the Vaccine Mandate. In its screening order in this action, ECF No. 3, the Court previously laid out the law applicable to such a claim, in pertinent part, as follows:

> Disparate treatment on the basis of religion is prohibited by both Title VII and New York State Human Rights Law (NYSHRL). *Lewis v. New York City Transit Auth.*, 12 F. Supp.3d 418, 438 (E.D.N.Y. 2014) (citing 42 U.S.C. § 2000e–2(a); N.Y. Exec. Law § 296). Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion . . . ." 42 U.S.C. § 2000e-2. Similarly, NYSHRL makes it "an unlawful discriminatory practice . . . [f]or an employer . . ., because of an individual's . . . creed . . . to discharge from employment such individual or to discriminate against such individual in

12

> compensation or in terms, conditions or privileges of employment." N.Y. Exec. Law § 296. When an employee has a religious belief that conflicts with a requirement of employment, Title VII requires the employer to offer the aggrieved employee a reasonable accommodation unless it would cause an undue hardship. *Marte v. Montefiore Med. Ctr.*, No. 22-CV-03491-CM, 2022 WL 7059182, at *3 (S.D.N.Y. Oct. 12, 2022) (citing *Cosme v. Henderson,* 287 F.3d 152, 158 (2d Cir. 2002)).
>
> Claims of employment discrimination under Title VII and the New York State Human Rights Law are analyzed under the same framework. *See Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) ("[A] plaintiff's discrimination claims under . . . NYSHRL . . . are subject to the burden-shifting analysis applied to discrimination claims under Title VII"). To make out a prima facie case of religious discrimination claim based on a failure to accommodate a religious belief, a plaintiff must allege that: (1) he held a bona fide religious belief conflicting with an employment requirement; (2) he informed his employer of this belief; and (3) he was disciplined – or discharged – for failure to comply with the conflicting employment requirement. *Knight v. Connecticut Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001). "If a plaintiff can make out a *prima facie* case, then the employer is required to show that it offered [him] a reasonable accommodation or that doing so would cause undue hardship." *Marte*, 2022 WL 7059182, at *3 (citing *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006)).
>
> ***
>
> The Second Circuit has stated that New York State's vaccination mandate "does not bar an employer from providing an employee with a reasonable accommodation that removes the individual from the scope of the Rule, . . . [And therefore that] it may be possible under the Rule for an employer to *accommodate—not exempt*—employees with religious objections, by employing them in a manner that removes them from the Rule's definition of 'personnel.'" *We The Patriots USA, Inc.*, 17 F.4th at 370 (emphasis in the original).

Decision and Order, ECF No. 3 at pp. 4-6 (emphasis in original).

As the previous paragraph indicates, the relevant anti-discrimination statutes do not require an employer to offer, as an accommodation, to exempt the employee from the vaccination requirement while allowing him to remain in the same job:

> Title VII requires employers to offer reasonable religious accommodations

13

in certain circumstances. *See We The Patriots*, 17 F.4th at 292. *See generally* U.S. Equal Employment Opportunity Comm'n, What You Should Know about COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws § L Vaccinations – Title VII and Religious Objections to COVID-19 Vaccine Mandates (last updated Oct. 28, 2021). *Title VII does not, however,*

> *require covered entities to provide the accommodation that [an employee] prefer[s]—in this case, a blanket religious exemption allowing them to continue working at their current positions unvaccinated.* To avoid Title VII liability for religious discrimination, ... an employer must offer a reasonable accommodation that does not cause the employer an undue hardship. Once any reasonable accommodation is provided, the statutory inquiry ends.

*We The Patriots*, 17 F.4th at 292.

*Kane v. De Blasio*, 19 F.4th 152, 175 (2d Cir. 2021) (emphasis added); *see also, Greenberg v. Visiting Nurse Servs. in Westchester, Inc.*, No. 23-CV-4252 (KMK), 2024 WL 4252550, at *6 (S.D.N.Y. Sept. 19, 2024) ("[I]n this context, undue burden is 'shown when a burden is substantial in the overall context of an employer's business.' *Groff v. DeJoy*, 600 U.S. 447, 468 (2023) (rejecting the "more than de minimis" standard that courts had previously derived from *Trans World Airlines, Inc.*, 432 U.S. 63).").

Significantly, a claim of "undue hardship" by an employer is an affirmative defense, which means that it cannot relied upon to move for dismissal under Rule 12(b)(6) unless the affirmative defense is apparent from the face of the Complaint. *See, Kauffman v. New York Presbyterian Hosp.*, No. 23-CV-4964 (AT) (RWL), 2024 WL 2279318, at *4 (S.D.N.Y. May 16, 2024) ("The affirmative defense of undue hardship "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) ... if the defense appears on the face of the complaint." [*D'Cunha v Northwell Health Systems*, 2023 WL 7986441 at *2 (2d Cir. Nov. 17, 2023)] (citing *Iowa Public Employees Retirement System v. MF Global, Ltd.*, 620

14

F.3d 137, 145 (2d Cir. 2010) (internal quotation marks and citation omitted), report and recommendation adopted, No. 23 CIV. 4964 (AT) (RWL), 2024 WL 2944160 (S.D.N.Y. June 10, 2024).

Applying the foregoing principles, the Court finds that Defendant is entitled to partial dismissal of the Complaint, insofar as it is based on the denial of Plaintiff's requested accommodation of being exempted from the Vaccine Mandate and allowed to remain in his same job.  However, Defendant has not shown that it is entitled to dismissal of the Complaint insofar as it is based on the denial of Plaintiff's alternative requests for accommodations that would have removed him from the Mandate's definition of "personnel."

Plaintiff's submissions in opposition to Defendant's motion, which the Court may consider on this Rule 12(b)(6) motion as being integral to the Complaint, and which the Court must construe liberally to raise the strongest arguments they suggest, indicate that Plaintiff proposed multiple accommodations to Defendant,[12] not just one, contrary to what Defendant has argued to the Court.  The Court must accept the facts alleged by Plaintiff as true at this stage of the litigation.

Moreover, such documentation includes additional information concerning the nature of Plaintiff's work, namely, that it was "heavy labor] doing primarily landscape and other manual activities" such as "snow plowing."  It appears to be an issue of fact as to

---

[12] In particular, the Court liberally construes Plaintiff's submissions as indicating that he requested three accommodations: 1) to be exempted from the Vaccine Mandate and permitted to work at his regular job while wearing personal protective equipment; 2) that he permitted to perform his usual work in a way that would not involve contact with others; and 3) that he be allowed to work remotely. Regarding this third option, *see, e.g.., Greenberg v. Visiting Nurse Servs. in Westchester, Inc.*, No. 23-CV-4252 (KMK), 2024 WL 4252550, at *9 (S.D.N.Y. Sept. 19, 2024) ("[C]ourts that have allowed Title VII failure-to-accommodate claims involving remote-work requests to survive motions to dismiss have consistently noted that the plaintiffs had, in fact, requested such an accommodation[.]") (collecting cases).

whether Plaintiff could have performed such work without being exposed to Defendant's residents or other employees. *See, Greenberg v. Visiting Nurse Servs. in Westchester, Inc.*, No. 23-CV-4252 (KMK), 2024 WL 4252550, at *2 (S.D.N.Y. Sept. 19, 2024) ("That rule ('the COVID-19 Vaccine Mandate' or '§ 2.61') applied to 'those employees, staff members, and volunteers 'who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients[,] or residents to the disease.'' *Id*. (quoting 10 N.Y.C.R.R. § 2.61(a)(2)).").

In any event, Defendant has not argued that it is clear, from the face of the Complaint, that it would have been an undue hardship to allow Plaintiff to perform his work in such a way that would have removed him from the Vaccine Mandate's definition of "personnel." *See, Jackson v. New York State Off. of Mental Health - Pilgrim Psychiatric Ctr.*, No. 23-CV-04164 (JMA) (ARL), 2024 WL 1908533, at *8 (E.D.N.Y. May 1, 2024) ("Defendants do not dispute that allowing Plaintiff to work remotely would place her outside the definition of "personnel" under Rule 2.61. In fact, Defendants do not even address Plaintiff's requested accommodation for entirely remote work. It follows that Defendants failed to carry their burden to show "the face of the complaint" makes clear that allowing Plaintiff to work remotely would have imposed an undue hardship on OMH.").

In sum, the Court agrees with Defendant that the action must be dismissed insofar as Plaintiff's failure-to-accommodate claim is based on the denial of his request to be exempted from the Vaccine Mandate and permitted to remain in his same position. However, the action may proceed insofar as Plaintiff's failure-to-accommodate claim is based on his actual requests for alternative accommodations that would have removed

him from the Mandate's definition of "personnel."

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 11) is granted in part and denied in part. Insofar as Plaintiff's failure-to-accommodate claim is based on the denial of his request to be exempted from the Vaccine Mandate and permitted to remain in his same position, the claim is dismissed. However, insofar as the failure-to-accommodate claim is also based on Plaintiffs actual requests for alternative accommodations that would have removed him from the Mandate's definition of "personnel," the claim may proceed. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendant is directed to answer the Complaint on or before **January 7, 2025**.

SO ORDERED.

Dated: Rochester, New York
December 16, 2024

ENTER:

_____
CHARLES J. SIRAGUSA
United States District Judge